UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
                                                                    :
HARTFORD FIRE INSURANCE COMPANY a/s/o                               :   Case No.: 07 Civ. 4084(   )
Lycee Francais de New York,                                         :
                                                                    :
                          Plaintiff,                                :   **COMPLAINT**
                                                                    :
            -against-                                               :   **Jury Trial Demanded**
                                                                    :
MAYRICH CONSTRUCTION CORP., LANGAN                                  :
ENGINEERING & ENVIRONMENTAL SERVICES,                               :
INC., F.J. SCIAME CONSTRUCTION CO., INC.,                           :
POLSHEK PARTNERSHIP, LLP and CANTOR                                 :
SEINUK GROUP, INC.,                                                 :
                                                                    :
                          Defendants.                               :
                                                                    :
------------------------------------------------------------------- x

Plaintiff, Hartford Fire Insurance Company, by its attorneys Robinson & Cole LLP, as and for its complaint against the defendants alleges as follows.

### Background

1.      This is a subrogation action by plaintiff Hartford Fire Insurance Company ("Hartford"), the first party property insurer of a private school, Lycee Francais de New York ("Lycee Francais").

2.      Hartford has paid to Lycee Francais a total of $400,000 in connection with a loss sustained by it on or about March 1, 2005 when the drainage system in the sub-basement of the building occupied by Lycee Francais ("Building") backed up causing substantial flooding and damage (the "Loss").

NEWY1-632402-1

3. This action is brought against the various entities which conducted testing, and designed, approved and installed the drainage system, because the Loss was caused by the negligence of one or more of said entities.

4. In addition to the $400,000 paid by Hartford, Lycee Francais incurred a deductible of $25,000, and therefore the total amount sought in this action is the sum of the two, or $425,000.

## Jurisdiction and Venue

5. This Court has jurisdiction over this matter pursuant to 28 USC §1332 as the action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this district pursuant to 28 USC §1391(a).

## The Parties

7. At all relevant times herein, Hartford was and still is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business in Hartford, Connecticut.

8. Hartford was the first party property insurer of Lycee Francais under policy no. 01 UUN GF5722 K1 which covered the period July 1, 2004 through July 1, 2005 (the "Policy").

9. Pursuant to the Policy and relevant law, Hartford, having paid amounts pursuant to the Policy in connection with the Loss, is subrogated to all of Lycee Francais' rights and is entitled to pursue claims against parties which may have caused or been responsible for the Loss.

10. At all relevant times herein, defendant Mayrich Construction Corp. ("Mayrich Construction") was and still is a corporation duly organized and existing under the laws of the State of New York with its principal place of business in the Bronx, New York.

11. Upon information and belief, Mayrich Construction was the subcontractor which installed the drainage and sump pump system which ultimately failed causing the water intrusion to Lycee Francais' premises.

12. Upon information and belief, at all relevant times herein, Langan Engineering & Environmental Services, Inc. ("Langan Engineering") was a corporation organized and existing under the laws of the State of New Jersey with its principal place of business in New York City.

13. Upon information and belief, Langan Engineering provided geotechnical engineering services including determining the depth of the water table, testing the composition of the subsoil and inspecting and supervising the construction of the Building foundation.

14. Upon information and belief, at all relevant times herein, defendant F.J. Sciame Construction Co., Inc. ("Sciame Construction") was and still is a corporation organized and existing under the laws of the State of New York with its principal place of business in New York City.

15. Upon information and belief, Sciame Construction was the general contractor and, among other things, supervised the installation of the drainage system which failed.

16. Upon information and belief, Polshek Partnership LLP ("Polshek") was and still is a limited liability partnership organized and existing under the laws of the State of New York with its principal place of business in New York City.

17. Upon information and belief, Polshek was the architect which designed the subsoil drainage system which failed.

18. Upon information and belief, Cantor Seinuk Group Inc. ("Cantor Seinuk") was and still is a corporation organized and existing under the laws of the State of New York with its principal place of business in New York City.

19. Upon information and belief, Cantor Seinuk was the structural engineer for the project and reviewed and approved the drainage system plans and also designed the waterproofing membrane and PVC water stops which ultimately failed permitting water to enter the Building.

### The Loss

20. Lycee Francais is a private school located at 505 East 75th Street in New York City.

21. Prior to the Loss, the school was completely rebuilt, and upon information and belief, the construction was finished in approximately the summer of 2004.

22. The basement floor of the Building was approximately 30 feet below street grade, and the water table was 13 feet below street grade. Accordingly, the designers of the project were aware that there would be an issue with water drainage in the basement, and a sub-slab drainage system was therefore designed and installed.

23. The sub-slab drainage system consisted of perforated piping installed within a layer of gravel. These pipes collected subterranean water and conveyed it towards a pair of sump pump pits. Water that collected within these pits was subsequently pumped to the New York City storm sewer system.

24. Various measures were attempted to insure that water from the drainage system would not penetrate through the concrete slab and into the Building.

25. The slab and the perimeter foundation walls were installed against a waterproof membrane, and PVC weather-stripping was installed at all construction joints.

26. In the basement there were located both a small and large gymnasium. The hardwood floors of the gymnasiums were installed on a plywood sub floor, which in turn rested on rubberized installation pads that created an air space between the bottom of the sub floor and the top of the poured concrete slab.

27. On or about March 1, 2005 employees of Lycee Francais noticed water pooling in areas of both gymnasium floors.

28. Among other things, the water intrusion caused extensive damage to the wood floors in both gymnasiums, caused the destruction of maple paneling and caused the expansion of wallboard which separated from its base.

29. After the water intrusion was discovered, significant monies were expended determining the cause of the water infiltration, solving the drainage problem and ultimately repairing the damage.

30. After investigation, it appeared that the water backup occurred because the drainage lines were clogged with calcium carbonate which, during low flow periods, precipitated from the ground water and ultimately hardened in the pipes. During periods of high flow, for example when it rained, the drainage would be significantly impeded by the solidified calcium carbonate, and this solidified material prevented the sump pumps from expelling the water into the sewer system thereby causing a backup into the cellar of the Building.

31. The investigation further revealed the following conditions which contributed to the failure of the drainage system:

5

i.   Defendants failed to identify the existence of calcium carbonate in the ground water and failed to take into account the possibility that this substance might precipitate in and clog the sub-slab drainage system;

ii.   The slope of the drainage pipes was incorrect. If the slope is too shallow, then water will not flow quickly enough, resulting in accumulation of calcium carbonate. If the slope is too steep, then water will flow too quickly and not scour or cleanse the pipe of any particle accumulation. Both conditions existed in the building, namely some piping had no slope at all and other piping had slopes which were almost twice that specified in the designed drawings;

iii.   Many of the drainage pipes were improperly installed and others were crimped, capped or crushed, and gravel was found in portions of the pipe, which impeded the water flow;

iv.   The waterproof membrane upon which the concrete floor was poured was improperly installed permitting water to pass through said membrane at one or more points causing flooding of the basement and substantial damage to the gymnasium floors; and

v.   The drainage system was improperly designed insofar as it failed to include cleanouts which could have permitted removal of the calcium carbonate before any damage occurred.

### First Claim for Relief against All Defendants
### (Negligence)

32.   Hartford repeats and realleges the allegations contained in paragraphs 1 through 31 as though fully set forth at length herein.

33.   The defendants had a duty of reasonable care to insure that the sub-slab drainage system was properly designed and installed such that there would be no water intrusion into the basement of the Building.

34.   The defendants, through their agents, servants, representative and employees, breached their duty of reasonable care by negligently designing and/or installing the sub-slab drainage system.

35.   Defendants' conduct was the direct and proximate cause of the Loss.

36. Hartford has been damaged in the amount of $400,000, the amount it paid to Lycee Francais, and additionally Hartford is entitled to recover Lycee Francais' $25,000 deductible, which total $425,000. in damages.

### Second Claim for Relief Against All Defendants
### (Breach of Contract)

37. Hartford repeats and realleges the allegations contained in paragraphs 1 through 3_ as though fully set forth at length herein.

38. Lycee Francais, and/or its agents, entered into contracts with each of the defendants or, alternatively, one or more of the defendants entered into subcontracts in which Lycee Francais was a third party beneficiary.

39. The defendants breached said contracts.

40. Hartford has been damaged in the amount of $400,000, the amount it paid to Lycee Francais, and additionally Hartford is entitled to recover Lycee Francais' $25,000 deductible, which total $425,000. in damages.

**WHEREFORE,** plaintiff demands judgment as follows:

I. On the first claim for relief, the amount of $425,000 against all defendants, jointly and severally, plus interest from March 1, 2005;

II. On the second claim for relief, the amount of $425,000 against all defendants, jointly and severally, plus interest from March 1, 2005;

III.   The costs and disbursements of this action; and

IV.    Such other and further relief as to the Court may seem just and proper.

Dated: New York, New York
       May 24, 2007

                                    ROBINSON & COLE LLP

                                    BY: _____
                                    MICHAEL B. GOLDEN (MG-0633)
                                    Attorneys for Plaintiff
                                    885 Third Avenue
                                    Suite 2800
                                    New York, New York 10022
                                    212-451-2900