UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------
HARTFORD FIRE INSURANCE COMPANY
a/s/o Lycee Francais de New York,

              Plaintiff,

07Civ4084

**ANSWER TO COMPLAINT**

    -against-

MAYRICH CONSTRUCTION CORP., LANGAN
ENGINEERING & ENVIRONMENTAL SERVICES,
INC., F.J. SCIAME CONSTRUCTION CO., INC.,
POLSHEK PARTNERSHIP, LLP and CANTOR
SEINUK GROUP, INC.,

              Defendants.
-----------------------------------------

    The defendant, **CANTOR SEINUK GROUP, INC.**, by its attorneys, Gogick, Byrne & O'Neill, LLP, as and for its Answer to the plaintiff's Complaint, respectfully sets forth upon information and belief as follows:

    1. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraphs "1", "2", "4", "7" through "17" inclusive, "20", "21", and "23" through "30" inclusive of the Complaint.

    2. Denies the truth of each and every allegation contained within paragraph "3", "22" and "31" of the Complaint as to this answering defendant, otherwise, denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraphs "3", "22" and "31" as to all other defendants.

P:\7000759-1184\Legal\Answer to Complaint 7-9-07 seg.doc

3. Denies the truth of each and every allegation contained within paragraph "5" and "6" of the Complaint and respectfully refers all questions of law to the Honorable Court.

4. Denies the truth of each and every allegation contained within paragraph "18" of the Complaint in the form alleged.

5. Denies the truth of each and every allegation contained within paragraph "19" of the Complaint, except admits that answering defendant entered into an agreement to render certain engineering services and respectfully begs leave to refer to said agreement at trial for its terms and conditions.

### First Claim for Relief against All Defendants
### (Negligence)

6. The responding defendant repeats, reiterates and realleges each and every denial hereinbefore set forth in response to paragraphs "1" through "31" with the same force and effect as if the same were set forth in full herein in response to paragraph "32" of the Complaint.

7. Denies the truth of each and every allegation contained within paragraph "33" of the Complaint as to this answering defendant, otherwise, denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph "33" as to all other defendants.

8. Denies the truth of each and every allegation contained

within paragraphs "34" and "35" of the Complaint as to this answering defendant, otherwise, denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraphs "34" and "35" as to all other defendants.

9. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph "36" of the Complaint.

### Second Claim for Relief Against All Defendants
### (Breach of Contract)

10. The responding defendant repeats, reiterates and realleges each and every denial hereinbefore set forth in response to paragraphs "1" through "36" with the same force and effect as if the same were set forth in full herein in response to paragraph "37" of the Complaint.

11. Denies the truth of each and every allegation contained within paragraph "38" of the Complaint, except admits that answering defendant entered into an agreement to render certain engineering services and respectfully begs leave to refer to said agreement at trial for its terms and conditions and respectfully refer(s) all questions of law to the Honorable Court.

12. Denies the truth of each and every allegation contained

within paragraph "39" of the complaint as to this answering defendant, otherwise, denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph "39" as to all other defendants.

13. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph "40" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

14. That in the event plaintiff recovers a verdict or judgment against the defendants, that said verdict or judgment must be reduced and set off by those amounts which have been, or will, with reasonably certainty, replace or indemnify plaintiff in whole or in part, for any past or future claims, or economic lose, from any collateral source.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

15. If the plaintiff sustained any injuries or damages as alleged in the verified complaint, which allegations are expressly denied, then same were sustained because of the culpable conduct of parties or non-parties over whom the answering defendant was not obligated to exercise supervision or control.

**AS AND FOR AN THIRD AFFIRMATIVE DEFENSE**

16. That the verified complaint fails to state a cause of action upon which relief may be granted, cognizable in equity or

law, against this answering defendant, and must be therefore be dismissed.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

17. That any injuries or damages sustained by plaintiff, as alleged in the Verified Complaint herein, were caused in whole or in part by the contributory negligence and/or culpable conduct of said plaintiff and not as a result of any contributory negligence and/or culpable conduct on the part of this answering defendant.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

18. The damages claimed by plaintiff, which are expressly denied, were not proximately caused by this defendant.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

19. All work performed by the responding defendant was in accordance with the applicable custom and standard in the industry at all relevant times.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

20. The Verified complaint should be dismissed based on the applicable Statute of Limitations.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

21. Plaintiff's Complaint should be dismissed for failure to join (a) necessary party(ies).

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

22. At the time and place mentioned in the Complaint, this defendant violated no legal duty owing by it to plaintiff.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

23. At the time and place mentioned in the Complaint, this defendant was not guilty of any negligence which was a proximate cause of the alleged damages of which plaintiff complains.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

24. This action is barred against this answering defendant due to lack of privity and/or due to the lack of a relationship between the plaintiff and the responding defendant which is the functional equivalent of privity.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

25. If any damages have been sustained by plaintiff, which damages are expressly denied, then all such damages will have been caused and/or brought about by the affirmative wrongdoing, fault and poor business judgment of the plaintiff and/or Plaintiff's agents, servants or employees.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

26. Plaintiff's Complaint should be dismissed for failure to mitigate damages.

## AS AND FOR A CROSS-CLAIM FOR CONTRIBUTION AND/OR INDEMNIFICATION AGAINST CO-DEFENDANTS, MAYRICH CONSTRUCTION CORP., LANGAN ENGINEERING & ENVIRONMENTAL SERVICES, INC., F.J. SCIAME CONSTRUCTION CO., INC. and POLSHEK PARTNERSHIP, LLP.
### THE ANSWERING DEFENDANT ALLEGES:

27. That any injuries and damages sustained by the plaintiffs herein as a result of the alleged incident described in the plaintiffs' Complaint which are denied, were sustained in whole or in part by reason of the negligence, breach of contract or other breach of duty on the part of the plaintiffs or co-defendants.

28. That if it is determined that the answering defendant is liable in any degree to the plaintiffs whether because of negligence, by operation of law or any other reason, the answering defendant is entitled to have the liability apportioned with the co-defendants by way of contribution and/or is entitled to be indemnified by said parties.

**AS AND FOR A CROSS-CLAIM FOR CONTRACTUAL INDEMNIFICATION AGAINST AGAINST CO-DEFENDANTS, MAYRICH CONSTRUCTION CORP., LANGAN ENGINEERING & ENVIRONMENTAL SERVICES, INC., F.J. SCIAME CONSTRUCTION CO., INC. and POLSHEK PARTNERSHIP, LLP.**
THE ANSWERING DEFENDANT ALLEGES:

29. That on or before the dates set forth in the Complaint, and upon information and belief, co-defendants entered into agreements, whereby said co-defendants agreed to indemnify and hold the answering defendant harmless in the event of any suit or claim for personal injuries, property damage, pecuniary loss and or wrongful death as a result of the work being done pursuant to said agreements.

30. That said agreements were in full force and effect on the dates set forth in the Complaint. That the claims being made by the plaintiffs herein, if true, will entitle the answering defendant to be indemnified and held harmless by the co-defendants as aforesaid.

**AS AND FOR A CROSS-CLAIM FOR BREACH OF AN INSURANCE PROCUREMENT OBLIGATION AGAINST, AGAINST CO-DEFENDANTS, MAYRICH CONSTRUCTION CORP., LANGAN ENGINEERING & ENVIRONMENTAL SERVICES, INC., F.J. SCIAME CONSTRUCTION CO., INC. and POLSHEK PARTNERSHIP, LLP.**
THE ANSWERING DEFENDANT ALLEGES:

31. That on or before the dates set forth in the Complaint, and upon information and belief, the co-defendants, entered into agreements whereby said co-defendants were to procure insurance and/or name the answering defendant as additional insureds under

the co-defendants' insurance policies.

32. That, upon information and belief, co-defendants failed to obtain liability insurance protecting the interests of the answering defendant, as "additional named insureds", pursuant to the terms of the agreements.

33. That upon information and belief the answering defendant has suffered costs and expenses in defending this action and is subjected to potential liability for the claims asserted by plaintiffs due to the failure of co-defendants to obtain the required liability insurance coverage for the answering defendant's benefit, and due to the failure of co-defendants to defend and indemnify the answering defendant for the claims asserted by plaintiffs in this action.

34. That by reason of the foregoing the co-defendants will be liable to the answering defendant for the full amount of any recovery obtained herein by plaintiffs against the answering defendant, and for all costs, expenses, attorneys fees and legal expenses of any kind incurred by the answering defendant in the defense of this action due to the failure and breach of the aforementioned agreements by co-defendants.

WHEREFORE, the answering defendant demands judgment:

    a. Dismissing the Complaint as against the answering defendant;

    b. Determining the relative culpability and rights as

P:\5Q0759-138\Legal\Answer to Complaint 3-9-07 ecp.doc

between all the parties;

  c. Awarding judgment over and against co defendants, in whole or in part, or in such amount as the Court may direct for any verdict or judgment which any party to this action may recover against the answering defendant; and,

  d. Awarding the costs and expenses of this litigation, including attorneys fees.

Dated: July 10, 2007
   New York, New York

          GOGICK, BYRNE & O'NEILL, LLP
          Attorneys for Defendant
          Cantor Seinuk Group, Inc.

          By: _____
            Elaine C. Gangel (6775)
          11 Broadway, Suite 1560
          (212) 422-9424

TO:

Michael B. Golden
Robinson & Cole LLP
885 Third Avenue
Suite 2800
New York, NY 10022
Tel: 212-451-2900
Fax: 212-451-2999
mgolden@rc.com
Direct: 212-451-2911
Attorneys for The Hartford

Mayrich Construction Corp.
1141 Oak Point Avenue
Bronx, NY 10474

Langan Engineering &

Environmental Services, Inc.
360 West 31st Street
New York, NY 10001

P.J. Sciame Construction Co., Inc.
80 South Street
New York, NY 10038

Polshek Partnership, LLP
320 West 13th Street
New York, NY 10014