UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
HARTFORD FIRE INSURANCE COMPANY as
subrogor of Lycee Francais De New York,

                                Plaintiff,

      -against-

MAYRICH CONSTRUCTION CORP., LANGAN
ENGINEERING & ENVIRONMENTAL SERVICES,
INC., F.J. SCIAME CONSTRUCTION CO., INC.,
POLSHEK PARTNERSHIP, LLP & CANTOR
SEINUK GROUP, INC.,

                                Defendants.
------------------------------------------------------------------ X

07 Civ. 4084 (SHS) (AJP)

**ANSWER TO COMPLAINT
WITH CROSS-CLAIMS
AND COUNTERCLAIM**

       Defendant Polshek Partnership, LLP ("Polshek"), by its attorneys Zetlin & De Chiara LLP, as and for its Answer to the Complaint states and alleges as follows:

## Background

       1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

       2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

       3.     Denies each and every allegation contained in Paragraph 3 of the Complaint to the extent they are directed at Polshek and denies knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 3 of the Complaint.

       4.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

## Jurisdiction and Venue

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and refers all questions of law to the court.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and refers all questions of law to the court.

## The Parties

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Admits that Polshek is a New York limited liability partnership with its principal place of business located at 320 West 13th Street, New York, New York and denies the balance of the allegations contained in Paragraph 16 of the Complaint.

17. Denies each and every allegation contained in Paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

### The Loss

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22. Denies each and every allegation contained in Paragraph 22 of the Complaint to the extent they are directed at Polshek and denies knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31. Denies each and every allegation contained in Paragraphs 31(i) through 31(v) of the Complaint to the extent they are directed at Polshek and denies knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraphs 31(i) through 31(v) of the Complaint.

## AS AND FOR AN ANSWER TO THE FIRST CLAIM FOR RELIEF
## AGAINST ALL DEFENDANTS
## (NEGLIGENCE)

32. Repeats, reiterates and realleges each of its answers to the allegations contained in Paragraphs 1 through 31 of the Complaint as though set forth fully herein.

33. Denies each and every allegation contained in Paragraph 33 of the Complaint to the extent they are directed at Polshek and denies knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 33 of the Complaint and refers all questions of law to the Court.

34. Denies each and every allegation contained in Paragraph 34 of the Complaint to the extent they are directed at Polshek and denies knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 34 of the Complaint and refers all questions of law to the Court.

35. Denies each and every allegation contained in Paragraph 35 of the Complaint to the extent they are directed at Polshek and denies knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 35 of the Complaint and refers all questions of law to the Court.

36. Denies each and every allegation contained in Paragraph 36 of the Complaint to the extent they are directed at Polshek and denies knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 36 of the Complaint and refers all questions of law to the Court.

## AS AND FOR AN ANSWER TO THE SECOND CLAIM FOR RELIEF
## AGAINST ALL DEFENDANTS
## (BREACH OF CONTRACT)

37. Repeats, reiterates and realleges each of its answers to the allegations contained in Paragraphs 1 through 36 of the Complaint as though set forth fully herein.

38. Admits that Polshek entered into an agreement with Lycee Francais on to provide certain architectural services for the project located at 503-509 East 75th Street and 502-512 East 76th Street, New York, New York and denies knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 38 of the Complaint and refers all questions of law to the Court.

39. Denies each and every allegation contained in Paragraph 39 of the Complaint to the extent they are directed at Polshek and denies knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 39 of the Complaint and refers all questions of law to the Court.

40. Denies each and every allegation contained in Paragraph 40 of the Complaint to the extent they are directed at Polshek and denies knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 40 of the Complaint.

## AFFIRMATIVE DEFENSES

## AS AND FOR THE FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a cause of action upon which relief may be granted as against Polshek.

## AS AND FOR THE SECOND AFFIRMATIVE DEFENSE

If Plaintiff has been damaged as alleged herein, which damage is expressly denied, then such damages were the result of the sole and exclusive conduct of the Plaintiff, its agent or subrogee, without any conduct on the part of the answering defendant contributing thereto.

## AS AND FOR THE THIRD AFFIRMATIVE DEFENSE

If Plaintiff has been damaged as alleged herein, which damage is expressly denied, then said damage was caused solely by virtue of the conduct of others over whom Polshek exercised no control.

## AS AND FOR THE FOURTH AFFIRMATIVE DEFENSE

If any damages have been sustained by Plaintiff, which damages are expressly denied, then all such damages will have been caused and/or brought about in whole or in part by the affirmative wrongdoing, fault, poor business judgment, negligence and failure of due care of the Plaintiff, its agent and/or subrogee and any recovery should be thereby diminished in the proportion which Plaintiff, its agent and/or subrogee's culpable conduct bears to the conduct which caused the alleged damages.

## AS AND FOR THE FIFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the applicable Statute of Limitations.

## AS AND FOR THE SIXTH AFFIRMATIVE DEFENSE

Plaintiff may not maintain each of their alleged causes of action under the principles of waiver, estoppel and laches.

## AS AND FOR THE SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the terms of Polshek's contract for the Project.

### AS AND FOR THE EIGHTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff or its subrogee failed to mitigate, minimize or avoid any damage they allegedly sustained, any recovery against Polshek must be reduced by the amount attributable to said failure.

### AS AND FOR THE NINTH AFFIRMATIVE DEFENSE

The Complaint contains insufficient information to permit Polshek to raise all appropriate defenses and, therefore, Polshek reserves its right to amend and/or supplement this answer with additional separate defense(s).

### AS AND FOR THE TENTH AFFIRMATIVE DEFENSE

Polshek owed no duty to the Plaintiff as alleged in the Complaint.

### AS AND FOR THE ELEVENTH AFFIRMATIVE DEFENSE

Any verdict, judgment, or decision that might be obtained by Plaintiff against Polshek shall be reduced by the amount of any collateral source payments received by Plaintiff or its subrogee, as determined by the Court.

### AS AND FOR THE TWELFTH AFFIRMATIVE DEFENSE

Plaintiff may not maintain their claims under the applicable principles of proximate cause and competent producing cause.

### AS AND FOR THE THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring this action.

### AS AND FOR THE FOURTEENTH AFFIRMATIVE DEFENSE

Polshek incorporates by reference herein any defenses asserted by any of the Co-Defendants in this action not otherwise set forth hereinabove and hereby further reserves the

right to assert any additional defenses which may arise or come to light during the continuing course of discovery.

## AS AND FOR THE FIFTEENTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over this controversy.

## COUNTERCLAIM AND CROSS-CLAIM

## AS AND FOR A COUNTERCLAIM AGAINST PLAINTIFF HARTFORD FIRE INSURANCE COMPANY a/s/o LYCEE FRANCAIS DE NEW YORK AND CROSS-CLAIM AGAINST MAYRICH CONSTRUCTION CORP., LANGAN ENGINEERING & ENVIRONMENTAL SERVICES, INC., F.J. SCIAME CONSTRUCTION CO., INC., AND CANTOR SEINUK GROUP, INC.

1. If the Plaintiff is entitled to recover judgment against Polshek for its injuries and/or damages, which Polshek expressly denies, such injuries and/or damages were caused by reason of the sole and/or primary negligence, carelessness, breach of contract, and/or other culpable conduct of Hartford Fire Insurance Company a/s/o Lycee Francais de New York ("Hartford"), Mayrich Construction Corp. ("Mayrich"), Langan Engineering & Environmental Services, Inc. ("Langan"), F.J. Sciame Construction Co., Inc. ("Sciame"), and Cantor Seinuk Group, Inc. ("Cantor").

2. By reason of the foregoing, if the Plaintiff should recover judgment against Polshek, then Polshek shall be entitled to indemnification and/or contribution by judgment over and against Plaintiff Hartford, Mayrich, Langan, Sciame and Cantor for the full amount of such judgment.

**WHEREFORE,** Polshek demands judgment dismissing the Plaintiff's Complaint and, alternatively, demands judgment over and against the above-named Plaintiff and Co-Defendants for the amount of any recovery, judgment or verdict which shall or may be recovered against Polshek or for the excess paid by Polshek over and above their equitable share of the

judgment recovered by Plaintiff, as determined in accordance with the relative culpability of each party liable for contribution, together with the costs and disbursements of this action, including attorneys' fees, and for such other, further and different relief as this Court may deem just and proper.

Dated: New York, New York
      July 31, 2007

                              ZETLIN & DE CHIARA LLP

                              By: _____
                                  Bill P. Chimos, Esq. (BC-9381)
                                  *Attorneys for Defendant*
                                  *Polshek Partnership LLP*
                                  801 Second Avenue
                                  New York, NY 10017
                                  (212) 682-6800

TO:    SEE ATTACHED SERVICE LIST

## SERVICE LIST

Michael B. Golden
ROBINSON & COLE LLP
885 Third Avenue
Suite 2800
New York, New York 10022
Tel: 212-451-2900
Fax: 212-451-2909
*Attorneys for Plaintiff The Hartford*


GOGICK, BYRNE & O'NEILL, LLP
11 Broadway, Suite 1560
New York, New York 10004
Tel: 212-422-9424
*Attorneys for Defendant
Cantor Seinuk Group, Inc.*

MAYRICH CONSTRUCTION CORP.
1141 Oak Point Avenue
Bronx, New York 10474

LANGAN ENGINEERING &
ENVIRONMENTAL SERVICES, INC.
360 West 31st Street
New York, New York 10001

P.J. Sciame Construction Co., Inc.
80 South Street
New York, New York 10038