UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
HARTFORD FIRE INSURANCE COMPANY
a/s/o Lycee Francais de New York,

                              Plaintiff,

            -against-

MAYRICH CONSTRUCTION CORP., LANGAN
ENGINEERING & ENVIRONMENTAL SERVICES, INC.,
F.J. SCIAME CONSTRUCTION CO., INC., POLSHEK
PARTNERSHIP, LLP AND CANTOR SEINUK GROUP,
INC.,

                              Defendants.

-------------------------------------------------------------------X

CIVIL ACTION NO.
CV 07-4084 (SHS) (AJP)

## ANSWER OF DEFENDANT LANGAN ENGINEERING & ENVIRONMENTAL SERVICES, INC.

Defendant, Langan Engineering & Environmental Services, Inc. ("Langan"), by its attorneys, Sedgwick, Detert, Moran & Arnold LLP, as and for its Answer to the Complaint of Plaintiff, Hartford Fire Insurance Company ("Hartford") a/s/o Lycee Francais de New York ("Lycee Francais"), alleges upon information and belief as follows:

### BACKGROUND

FIRST:     Langan make no response to the allegations contained in Paragraph 1, as no response is required. To the extent a response is required, Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

SECOND:     Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2.

THIRD:   Langan denies the allegations contained in Paragraph 3 to the extent they are directed against it, otherwise, Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

FOURTH:   Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.

## JURISDICTION AND VENUE

FIFTH:   Langan makes no response to the allegations contained in Paragraph 5, which are purely of a legal nature and respectfully refers all questions of law to this Honorable Court.

SIXTH:   Langan makes no response to the allegations contained in Paragraph 6, which are purely of a legal nature and respectfully refers all questions of law to this Honorable Court.

## THE PARTIES

SEVENTH:   Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

EIGHTH:   Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

NINTH:   Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

TENTH:   Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

ELEVENTH:   Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

TWELFTH: Langan denies the allegations contained in Paragraph 12, except admits that it is a corporation organized under the laws of the State of New Jersey that is authorized to conduct business and does conduct business in the State of New York.

THIRTEENTH: Langan denies the allegations contained in Paragraph 13, except admits that pursuant to an agreement with Albanese Development Corporation on behalf of Lycee Francais, it provided certain geotechnical services prior to the design and construction of the foundation of the building occupied by Lycee Francais (the "Building").

FOURTEENTH: Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

FIFTEENTH: Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15.

SIXTEENTH: Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16.

SEVENTEENTH: Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.

EIGHTEENTH: Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18.

NINETEENTH: Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19.

**THE LOSS**

TWENTIETH: Langan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

TWENTY-FIRST: Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.

TWENTY-SECOND: Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.

TWENTY-THIRD: Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23.

TWENTY-FOURTH: Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24.

TWENTY-FIFTH: Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25.

TWENTY-SIXTH: Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26.

TWENTY-SEVENTH: Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27.

TWENTY-EIGHTH: Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28.

TWENTY-NINTH: Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29.

THIRTIETH: Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30.

THIRTY-FIRST: Langan denies the allegations contained in Paragraph 31 to the extent they are directed against it, otherwise, Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31.

## ANSWERING THE FIRST CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
## (NEGLIGENCE)

THIRTY-SECOND: In response to the allegations contained in Paragraph 32, Langan repeats, reiterates and realleges each and every response to the allegations contained in Paragraphs 1-31 inclusive, with the same force and effect as if more fully set forth at length herein.

THIRTY-THIRD: Langan denies the allegations contained in Paragraph 33 to the extent they are directed against it, otherwise, Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33.

THIRTY-FOURTH: Langan denies the allegations contained in Paragraph 34 to the extent they are directed against it, otherwise, Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34.

THIRTY-FIFTH: Langan denies the allegations contained in Paragraph 35 to the extent they are directed against it, otherwise, Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35.

THIRTY-SIXTH: Langan denies the allegations contained in Paragraph 36 to the extent they are directed against it, otherwise, Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36.

## ANSWERING THE SECOND CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
## (BREACH OF CONTRACT)

THIRTY-SEVENTH: In response to the allegations contained in Paragraph 37, Langan repeats, reiterates and realleges each and every response to the allegations contained in Paragraphs 1-36 inclusive, with the same force and effect as if more fully set forth at length herein.

THIRTY-EIGHTH: Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38, except admits that Langan entered into a

contract for certain geotechnical services with Albanese Development Corporation on behalf of Lycee Francais, to which Langan respectfully refers for its terms and conditions.

THIRTY-NINTH: Langan denies the allegations contained in Paragraph 39 to the extent they are directed against it, otherwise, Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39.

FORTIETH: Langan denies the allegations contained in Paragraph 40 to the extent they are directed against it, otherwise, Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40.

**FIRST AFFIRMATIVE DEFENSE**

FORTY-FIRST: The Complaint fails to state a cause of action upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

FORTH-SECOND: Langan's liability, if any, is limited to the amount of the available limits of its applicable liability insurance policies pursuant to Clause H of the General Terms and Conditions contained in the agreement executed on behalf of Lycee Francais and Langan, which provides:

> **H.    INSURANCE**
>
> LANGAN represents and warrants that it and its agents, staff and consultants employed by it is and are protected by workers' compensation insurance and that LANGAN has coverage under public liability and property damage insurance. A certificate of insurance will be issued to a client upon request in writing. LANGAN agrees to indemnify and save Client harmless from and against any loss, damage, or liability arising from any negligent acts by LANGAN, its agents, staff, and consultants employed by it. LANGAN shall not be responsible for any loss, damage, or liability

arising from acts by Client, its agents, staff, and other consultants employed by it.

### THIRD AFFIRMATIVE DEFENSE

FORTY-THIRD:   This action is barred, in whole or in part, by Lycee Francais' failure to mitigate damages.

### FOURTH AFFIRMATIVE DEFENSE

FORTY-FOURTH:   This action is barred, in whole or in part, by the equitable doctrines of waiver, laches and/or estoppel.

### FIFTH AFFIRMATIVE DEFENSE

FORTH-FIFTH:   The damages allegedly sustained by Lycee Francais were caused, in whole or in part, by the negligence or other culpable conduct of one or more persons or entities over which Langan had no control.

### SIXTH AFFIRMATIVE DEFENSE

FORTY-SIXTH:   Langan pleads the failure to join necessary parties, and the intervening negligence and intervening causation of persons not a party to this action as a partial or complete bar to all causes of action asserted in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

FORTY-SEVENTH:   Lycee Francais' damages were caused in whole or in part by the culpable conduct of Lycee Francais or other parties which either bars the claims completely or diminishes the damages by the proportion that such culpable conduct of Lycee Francais or other parties bear to the total culpable conduct causing the damages.

### EIGHTH AFFIRMATIVE DEFENSE

FORTY-EIGHTH:   Lycee Francais' alleged injuries and damages were caused solely by the acts, wrongs, or omissions of Lycee Francais or by preexisting conditions or by intervening or

superseding causes or by other persons, entities, forces, and/or things over which Langan had no control and for which Langan is not responsible.

### NINTH AFFIRMATIVE DEFENSE

FORTY-NINTH:    Lycee Francais' alleged damages were caused by remote, unrelated and/or unforeseeable causes and cannot form the basis for recovery against Langan.

### TENTH AFFIRMATIVE DEFENSE

FIFTIETH:    The water intrusion complained of was neither intended, foreseeable nor preventable by the exercise of reasonable care.

### ELEVENTH AFFIRMATIVE DEFENSE

FIFTY-FIRST:  Langan will rely upon any and all other further defenses that become available or appear during discovery proceedings in this action and Langan hereby specifically reserve the right to amend its Answer for the purposes of asserting any such additional affirmative defense.

WHEREFORE, Langan demands judgment as follows:

(i)    Dismissing Plaintiff's Complaint on the merits and with prejudice;

(ii)   Awarding, against Plaintiff, Langan's attorneys' fees, costs, expenses and disbursements in this action;

(iii)  Granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 31, 2007

                Yours, etc.,

                SEDGWICK, DETERT, MORAN & ARNOLD LLP

                By: _____

                Gilbert L. Lee, Esq. (GL-4014)
                Lawrence Klein, Esq. (LK-2875)
                125 Broad Street, 39th Floor
                New York, New York 10004
                Telephone: (212) 422-0202
                Facsimile: (212) 422-0925
                Attorneys for Defendant
                Langan Engineering & Environmental Services, Inc.

To:    Michael B. Golden, Esq.
       Robinson & Cole LLP
       Attorneys for Plaintiff Hartford Fire Insurance Company
       a/s/o Lycee Francais de New York
       885 Third Avenue, 28th Floor
       New York, New York 10022
       (212) 451-2900

       Bill P. Chimos, Esq.
       Zetlin & Dechiara LLP
       Attorneys for Defendant Polshek Partnership, LLP
       801 2nd Avenue
       New York, New York 10017
       (212) 682-6800

       Elaine Caryn Gangel, Esq.
       Gogick, Byrne & O'Neil, LLP
       Attorneys for Defendant Cantor Seinuk Group, Inc.
       11 Broadway
       Suite 1560
       New York, New York 10004
       (212) 422-9424

Michael J. Pearsall, Esq.
The Law Offices of Edward Garfinkel
Attorneys for Defendants Mayrich Construction Corp. and
F.J. Sciame Construction Co., Inc.
110 William Street
New York, New York 10038
(212) 809-9000