UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HARTFORD FIRE INSURANCE COMPANY
a/s/o Lycee Francais de New York,

                            Plaintiff,

      -against-

MAYRICH CONSTRUCTION CORP., LANGAN
ENGINEERING & ENVIRONMENTAL SERVICES, INC.,
F.J. SCIAME CONSTRUCTION CO., INC., POLSHEK
PARTNERSHIP, LLP AND CANTOR SEINUK GROUP,
INC.,

                            Defendants.
------------------------------------------------------------------X

CIVIL ACTION NO.
CV 07-4084 (SHS) (AJP)

### DEFENDANT LANGAN ENGINEERING & ENVIRONMENTAL SERVICES, INC.'S ANSWER TO CROSS-CLAIMS OF DEFENDANT CANTOR SEINUK GROUP, INC. WITH CROSS-CLAIM

Defendant, Langan Engineering & Environmental Services, Inc. ("Langan"), by its attorneys, Sedgwick, Detert, Moran & Arnold LLP, as and for its Answer to the Cross-Claims of Defendant, Cantor Seinuk Group, Inc. ("Cantor"), alleges upon information and belief as follows:

### ANSWERING THE CROSS-CLAIM FOR CONTRIBUTION AND/OR INDEMNIFICATION AGAINST ALL CO-DEFENDANTS

FIRST: Langan denies the allegations contained in Paragraph 27 to the extent they are directed against it, otherwise, Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27.

SECOND: Langan makes no response to the allegations contained in Paragraph 28, which are purely of a legal nature and respectfully refers all questions of law to this Honorable Court. To the extent that a response is required, Langan denies the allegations contained in

Paragraph 28 to the extent they are directed against it, otherwise, Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28.

## ANSWERING THE CROSS-CLAIM FOR CONTRACTUAL INDEMNIFICATION AGAINST ALL CO-DEFENDANTS

THIRD: Langan denies the allegations contained in Paragraph 29 to the extent they are directed against it, otherwise, Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29.

FOURTH: Langan denies the allegations contained in Paragraph 30 to the extent they are directed against it, otherwise, Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30.

## ANSWERING THE CROSS-CLAIM FOR BREACH OF AN INSURANCE PROCUREMENT OBLIGATION AGAINST ALL CO-DEFENDANTS

FIFTH: Langan denies the allegations contained in Paragraph 31 to the extent they are directed against it, otherwise, Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31.

SIXTH: Langan denies the allegations contained in Paragraph 32 to the extent they are directed against it, otherwise, Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32.

SEVENTH: Langan denies the allegations contained in Paragraph 33 to the extent they are directed against it, otherwise, Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33.

EIGHTH: Langan denies the allegations contained in Paragraph 34 to the extent they are directed against it, otherwise, Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34.

### FIRST AFFIRMATIVE DEFENSE

NINTH: Langan hereby incorporates and adopts by reference each and every applicable Affirmative Defense asserted in its Answer to the Complaint of Plaintiff, Hartford Fire Insurance Company a/s/o Lycee Francais de New York.

### SECOND AFFIRMATIVE DEFENSE

TENTH: The Cross-Claims fail to state a cause of action upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

ELEVENTH: Langan pleads the failure to join necessary parties, and the intervening negligence and intervening causation of persons not a party to this action as a partial or complete bar to all causes of action asserted in the Cross-Claims.

### FOURTH AFFIRMATIVE DEFENSE

TWELFTH: Langan will rely upon any and all other further defenses that become available or appear during discovery proceedings in this action and Langan hereby specifically reserve the right to amend its Answer to the Cross-Claims for the purposes of asserting any such additional affirmative defense.

### AS AND FOR A CROSS-CLAIM FOR CONTRIBUTION AND/OR INDEMNIFICATION AGAINST DEFENDANT CANTOR SEINUK GROUP, INC.

THIRTEENTH: If Plaintiff sustained damages in the manner alleged in the Complaint, all of which is denied by Langan, such damages were caused in whole or in part by reason of the negligence and/or culpable conduct by Cantor and/or other parties, and not as a result of any negligence or culpable conduct on the part of Langan.

FOURTEENTH: By reason of the foregoing, Langan is entitled to indemnification and/or contribution from, and to have judgment over and against, Cantor, for all or part of any verdict or judgment that Plaintiff may recover against Langan, including any and all attorneys' fees, costs and disbursements incurred by Langan.

WHEREFORE, the Defendant, Langan Engineering & Environmental Services, Inc., hereby demands judgment dismissing the cross-claims of Defendant, Cantor Seinuk Group, Inc., or in the event Plaintiff recovers a judgment against Langan, then Langan demands judgment over against Cantor, together with attorneys' fees, costs and disbursements of this action and such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 2, 2007

                Yours, etc.,

                SEDGWICK, DETERT, MORAN & ARNOLD LLP

                By: _____

                Gilbert L. Lee, Esq. (GL-4014)
                Lawrence Klein, Esq. (LK-2875)
                125 Broad Street, 39th Floor
                New York, New York 10004
                Telephone: (212) 422-0202
                Facsimile: (212) 422-0925
                Attorneys for Defendant
                Langan Engineering & Environmental Services, Inc.

To:    Michael B. Golden, Esq.
       Robinson & Cole LLP
       Attorneys for Plaintiff Hartford Fire Insurance Company
       a/s/o Lycee Francais de New York
       885 Third Avenue, 28th Floor
       New York, New York 10022
       (212) 451-2900

Bill P. Chimos, Esq.
Zetlin & Dechiara LLP
Attorneys for Defendant Polshek Partnership, LLP
801 2nd Avenue
New York, New York 10017
(212) 682-6800

Elaine Caryn Gangel, Esq.
Gogick, Byrne & O'Neil, LLP
Attorneys for Defendant Cantor Seinuk Group, Inc.
11 Broadway
Suite 1560
New York, New York 10004
(212) 422-9424

Michael J. Pearsall, Esq.
The Law Offices of Edward Garfinkel
Attorneys for Defendants Mayrich Construction Corp. and
F.J. Sciame Construction Co., Inc.
110 William Street
New York, New York 10038
(212) 809-9000

## **AFFIDAVIT OF SERVICE**

STATE OF NEW YORK    )

: ss.:

COUNTY OF NEW YORK  )

Janezza Febrero, being duly sworn, deposes and says: that deponent is not a party to the action, is over 18 years of age and resides in the State of New York, Nassau County.

That on the 2nd day of August, 2007, deponent served the within **DEFENDANT LANGAN ENGINEERING & ENVIRONMENTAL SERVICES, INC.'S ANSWER TO CROSS-CLAIMS OF DEFENDANT CANTOR SEINUK GROUP, INC. WITH CROSS-CLAIM** upon:

Michael B. Golden, Esq.
Robinson & Cole LLP
Attorneys for Plaintiff Hartford Fire
Insurance Company
a/s/o Lycee Francais de New York
885 Third Avenue, 28th Floor
New York, New York 10022
(212) 451-2900

Bill P. Chimos, Esq.
Zetlin & Dechiara LLP
Attorneys for Defendant Polshek
Partnership, LLP
801 2nd Avenue
New York, New York 10017
(212) 682-6800

Elaine Caryn Gangel, Esq.
Gogick, Byrne & O'Neil, LLP
Attorneys for Defendant Cantor
Seinuk Group, Inc.
11 Broadway
Suite 1560
New York, New York 10004
(212) 422-9424

Michael J. Pearsall, Esq.
The Law Offices of Edward
Garfinkel
Attorneys for Defendants Mayrich
Construction Corp. and
F.J. Sciame Construction Co., Inc.
110 William Street
New York, New York 10038
(212) 809-9000

NY/505942v1

at the address(es) designated by said attorney(s) for the purpose of forwarding a true copy of same via United States Post Office within the State of New York.

_____
JANEZZA FEBRERO

Sworn to before me, this
2nd day of August, 2007

_____
Notary Public

GEORGIA LADAGANA
Notary Public, State of New York
No. 01LA6093421
Qualified in Richmond County
Commission Expires June 2, 20__

NY/505942v1