**ZETLIN & DE CHIARA, LLP**
*Attorneys for Defendant*
*Polshek Partnership LLP*
801 Second Avenue
New York, New York 10017
Telephone: (212) 682-6800
Bill Chimos (BC-9381)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
HARTFORD FIRE INSURANCE COMPANY as
subrogor of Lycee Francais De New York,

                            Plaintiff,

                 -against-

MAYRICH CONSTRUCTION CORP., LANGAN
ENGINEERING & ENVIRONMENTAL SERVICES,
INC., F.J. SCIAME CONSTRUCTION CO., INC.,
POLSHEK PARTNERSHIP, LLP & CANTOR
SEINUK GROUP, INC.,

                            Defendants.
------------------------------------------------------------------ X

07 Civ. 4084 (SHS) (AJP)

**DEFENDANT POLSHEK
PARTNERSHIP LLP'S FIRST
INTERROGATORIES TO
PLAINTIFF**

       Defendant Polshek Partnership LLP ("Polshek") requests that Plaintiff Hartford Fire Insurance Company ("The Hartford") answer within thirty (30) days the following interrogatories:

**DEFINITIONS**

       The definitions and rules of construction set forth in Rule 26.3 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York are hereby incorporated herein by reference, as if fully set forth herein. In addition to the definitions set forth in Local Civil Rule 26.3, the following terms shall have the definitions set forth herein:

       1.     "You," "your," "yourself," and "The Hartford" refers to the party to whom these Interrogatories are addressed, including all departments, divisions, agencies, committees,

instrumentalities, parents, subsidiaries, affiliates, divisions, joint ventures, partners, predecessors, and/or successor agencies, present and former directors, officers, executives, employees, agents, servants, representatives, attorneys, consultants, and any person or entity who acts or purports to act on behalf of or in concert with, or who is subject to the direction or control of, any of the foregoing, and who is in possession of any information relevant to the Litigation.

2. "The Hartford" or "Plaintiff" refers to Hartford Fire Insurance Company and Lycee Francais De New York, their present and former subsidiaries, affiliates, divisions, joint ventures, partners, and present and former officers, directors, employees, advisors, representatives, agents, attorneys, employees, assigns, predecessors, and/or successors in interest, both individually and collectively, and any person acting or purporting to act on their individual or collective behalf.

3. "Mayrich" refers to Mayrich Construction Corp., its present and former subsidiaries, affiliates, divisions, joint ventures, partners, and present and former officers, directors, employees, advisors, representatives, agents, attorneys, employees, assigns, predecessors, and/or successors in interest, both individually and collectively, and any person acting or purporting to act on their individual or collective behalf.

4. "Polshek" refers to Polshek Partnership, LLP and any subsidiaries, divisions, affiliates, officers, directors, members, employees, representatives, agents, consultants, attorneys, successors, or assigns or any person acting or purporting to act on behalf of Polshek.

5. The "Premises" refers to the building occupied by Lycee Francais De New York at 505 East 75th Street, New York, New York.

6. "Project" refers to the project known and described as the design and construction of the Premises.

7. "Complaint" refers to the Complaint, dated May 24, 2007, filed by The Hartford in the Litigation.

8. "Drainage System" shall mean the drainage system in the basement gym installed beneath the lowest level of the Premises and as referred to in the Complaint.

9. The "Litigation" refers to the litigation through which these Interrogatories are propounded, including all third-party, fourth-party, counter- and cross-claims asserted therein by any party.

10. "Person" or "persons" includes all natural persons, or such other entity as a corporation, firm, partnership, proprietorship, association, or other organization in which natural persons combine for business or other purposes.

    A. Without limiting the foregoing, reference to any natural person shall include the person, his or her present and former agents, servants, employees, representatives, attorneys, assistants, and partners, all persons or entities acting or purporting to act on behalf of or in concert with such person, and all persons or entities under or subject to the person's direction or control.

    B. Without limiting the foregoing, reference to any entity other than a natural person includes the entity, each of its predecessors and successors, each of its present and former agents, servants, employees, representatives, attorneys, assistants, advisors, subsidiaries, affiliates, divisions, joint ventures, partners, officers, directors, trustees, or administrators, all persons or entities acting or purporting to act on behalf of or in concert with the entity, and all persons or entities under or subject to the entity's direction or control.

11. "Communication" or "communications" means any transfer or exchange between two or more persons or entities of any information whether by document, electronic, mechanical, oral, or other means, including but not limited to personal conversations, correspondence, electronic mail, telephone calls, and telegrams. This definition includes all communications for which you claim privilege.

12. "Writing," "writings," "written," "document," or "documents" are used in the broadest sense to mean:

A. Every writing or record of every type and description, regardless of origin or location, and however produced, reproduced, or stored, that is or has been in your possession, custody, or control, including without limitation of meaning the following items, whether written, printed, typed, recorded (graphically, mechanically or electronically), filmed, stored in a computer, or any other electronic, mechanical, or digital format, produced by hand or produced or recorded by any other process, whether an original, master, duplicate, or copy: voice recordings; statements; statistical compilations, reports, studies, legal pleadings, and speeches; invoices, statements of account, purchase orders, and bills; contracts and other agreements and memoranda of any of the foregoing; communications (whether inter-office, intra-office or otherwise), letters, correspondence, papers, dockets, cablegrams, mailgrams, or telegrams; notes (whether stenographic or handwritten), memoranda, summaries, minutes, dockets, and other records; sound recordings; notes, memoranda or transcriptions of telephone conversations, personal conversations, meetings, conferences, electronic mail messages, and voice mail messages; faxes, telecopies, or telexes; books, manuals, bulletins, brochures, and other publications; photographs; diagrams; drawings; engineering reports, notebooks, plats, charts, plans, specifications, sketches, and summaries or reports of tests, examinations or inspections; surveys, opinions, and reports of expert witnesses, appraisers, or consultants; projections; corporate records, minutes of the board of directors meetings, or any other meetings; desk calendars, appointment books, diaries, diary entries, and notes; travel records; expense records; advertising and other promotional materials, cost records, books of account, pamphlets, electronic mail, drafts, charges, lists, directives, orders, and tabulations. The term "documents" further includes data, accounting journals, addenda, analyses, bids, bills, blueprints, canceled

4

checks, cashbook, charts, checkbooks, check stubs, chronicle, computer software, delivery tickets, estimates, financial statements, flow sheets, forms, graphs, index, index sheets, inter-office directives, invoices, job cost records, journals, ledgers, logbooks, magnetic tapes, manuals, maps, microcards, microfilms, orders, outlines, price lists, printouts, proposals, purchase orders, quotations, records, renderings, reports, requests, resolutions, requisitions, schedules, statements, studies, summaries, tapes, time sheets, transcripts, transmittals, vellums, videotapes, vouchers, work orders, and work sheets and written decisions, and any other information contained on any physical thing;

   B. Every copy of the above-described writings or documents, where the original is not in your possession, custody, or control; and

   C. Every copy of each such writing or document where such copy is not an identical copy of the original by virtue of any commentary, mark, or notation placed thereon that does not appear on the original or another copy thereof.

  13. "Identify", "Identification" or "Identity" means:

   A. When referring to a natural person, state his or her full name and present business and home address, his or her present or last known business position, and if different, his or her business position at the time to which your answer has reference, and give a brief description of the responsibility of each position.

   B. When referring to a person other than a natural person, and other than a defendant, set forth the full name of such organization or entity, the type of entity it is (e.g., partnership, corporation), the date it was organized or incorporated, its principal place of business, and identify its present subsidiaries, divisions, partners, principals, officers, directors, managers and, if different, its subsidiaries, divisions, partners, principals, officers, directors, and managers at the time to which the Interrogatory or your Response to the Interrogatory has reference. If it was, but is

no longer doing business, so state and give the date and an explanation of the reasons why it ceased doing business.

    C.    When referring to a document (other than a security) not being produced, state its title and date, identify the author or person who prepared it and any signatories to it, give the type of document (e.g., letter, memorandum, note agreement), its present location and custodian, a summary of its contents, or principal terms or provisions, and give the identity of its addresses and all other persons receiving it or copies of it. If the document so identified was, but is no longer in your possession, custody, or control, state what disposition was made of it.

    D.    When referring to a communication, act, transaction, event, occasion or instance, including an oral agreement, statement, recommendation, or representation:

    (i)    State its date and place of occurrence (or, if a telephone call is involved, so state and provide the location of all parties to such telephone call and identify the person who initiated it), the identity of each person participating therein, who each such person participating therein represented or purported to represent, the nature and subject matter of any circumstances surrounding it, and the substance of what transpired or was said; and

    (ii)    Identify all documents, summarizing, recording, reflecting, reporting, or containing a reference to it.

14.    The terms "concerning," "relating to," "referring to," "pertaining to," "reflecting," "evidencing," and "constituting" are used, for the purpose of these Interrogatories, as equivalent terms, each including the others.

15.    The term "including" shall mean including without limitation.

16.    The singular includes the plural and vice-versa.

17. All words, terms and phrases not specifically defined in Local Civil Rule 26.3 or in these Interrogatories are to be given their normal and customary meaning in the context in which they are used in the document requests herein.

## INSTRUCTIONS

A. You are hereby instructed either to produce documents as they are kept in the usual course of business or to produce documents organized and labeled to correspond with the categories in this request. In addition, documents are to be produced in full and unexpurgated form.

B. Each and every document shall be produced in its entirety, without redaction of any sort. If any document is redacted in part, provide an explanation as to why the redacted portion thereof is being withheld from production.

C. To the extent that you consider any of the following requests objectionable, in whole or in part, respond to so much of each request as is not in your view objectionable and separately state that part of each request as to which you raise objection and each ground for each such objection.

D. If any Interrogatories call for a document or non-written communication which you claim to be privileged, identify for each such document or non-written communication the information required pursuant to Local Civil Rule 33.1(c).

E. If you or any of your attorneys, partners, officers, directors, employees, shareholders, or agents, at any time had possession, custody, or control of a document called for under these requests and such document has been lost, destroyed, purged, or transmitted to another person or entity, or is not presently in your possession, custody, or control or in the possession, custody, or control of your attorneys, shareholders, partners, employees, or agents: (1) describe the document, including its author(s), addressee(s), date prepared or transmitted, and

nature of its contents; (2) state the date of its loss, destruction, purge, or separation from your possession, custody, or control; and (3) state the circumstances surrounding its loss, destruction, purge, or separation from your possession or control.

F.  If the information requested in any of the Interrogatories is solely within the possession, custody or control of a person who was at one time, but is not presently under your direction or control, set forth such fact and identify the person's name, last known residence address, and telephone number and last known business address and telephone number.

G.  These Interrogatories shall be deemed continuing so as to require supplemental answers if you or any person or entity subject to your direction or control or your attorneys obtain further information between the time the answers hereto are served and the time of trial. Any such supplemental answers are to be served upon the undersigned counsel for plaintiff within thirty (30) days from receipt of such additional information, but in no event later than ten (10) days prior to the time of trial.

H.  Each paragraph and subparagraph of the Interrogatories should be construed independently and answered in accordance with the above definitions and no other paragraph or subparagraphs should be referred to or relied on for the purpose of limiting its scope.

I.  If you have no information about the subject of a particular Interrogatory, or if for some other reason you are unable to answer it, the Response to that Interrogatory should specifically so state, and no Interrogatory should be without some response. If you have some information responsive to an Interrogatory, but believe that further information not now available to you would also be responsive, you should provide the information you now have and should specifically state when the balance of the information will be provided. The fact that a full answer cannot be given is not a basis for you to fail to provide such information as is available to you at the time of your Response to these Interrogatories.

J.  If the answer to any interrogatory is different with respect to different defendants, then respond separately for each of you, identifying in each instance the defendant with respect to which the response is made.

K.  Except as otherwise specified or except as otherwise required by the context of any specific request herein contained, this document request shall include all documents created, generated, or received or covering the period from January 1, 2001 to the date upon which documents are produced in response hereto.

**PLEASE TAKE FURTHER NOTICE** that, upon failure to comply with this demand, a motion will be made pursuant to Rule 37 of the Federal Rules of Civil Procedure and L. Civ. R. 37.

## INTERROGATORIES

1.  Identify the person or persons providing on your behalf the information contained in your response to each of these interrogatories, including in such identification the name, address, business address, and the position held by such person.

2.  Identify all eyewitnesses and notice witnesses having knowledge of the facts, circumstances, events, and occurrences set forth in the Complaint, including, with respect to each such person, (a) his or her names and last known address and (b) a summary of the facts, circumstances, events, or occurrences concerning which he or she is an eyewitness or notice witness.

3.  To the extent not set forth in your response to Interrogatory No. 2, identify all eyewitnesses and notice witnesses having knowledge of the facts, circumstances, events, and occurrences at issue in the Litigation, including, with respect to each such person, (a) his or her names and last known address and (b) a summary of the facts, circumstances, events, or occurrences concerning which he or she is an eyewitness or notice witness.

4. With respect to the allegations set forth in the Complaint:

(a) identify the manner in which you allege that Polshek, as set forth in paragraph 17, "was the architect which designed the subsoil drainage system which failed."

(b) identify each error, omission, and defect that you allege was contained in the design documents submitted by Polshek;

(c) identify the manner in which you allege that Polshek, as set forth in paragraph 34, breached its "duty of reasonable care in negligently designing and/or installing the sub-slab drainage system."

(d) identify the manner in which you allege that Polshek, as set forth in paragraph 39, breached its contract with Lycee Francais.

5. Identify the manner in which you allege Polshek committed any error or omission in the performance of its design or other duties in connection with the Drainage System and/or Project.

6. With respect to the damages sought in the Complaint, state with specificity each item of damages allegedly incurred by you and, with respect to each such item, set forth:

(a) the amount thereof; and

(b) the error, omission, or other culpable conduct by or attributable to Polshek that you allege caused such item of your damages.

7. With respect to each error, omission, or other defect identified by you in response to Interrogatory No. 5, state with specificity the amount of damages alleged in the Complaint that you allege was caused by each such error, omission, or other defect.

8. Set forth with specificity the damages to the Drainage System and/or Project that you allege was caused by any error, omission or other culpable conduct by or

attributable to Polshek and, with respect to each such damage, state the duration thereof and the damages that you allege you incurred by virtue of or in connection therewith.

Dated: New York, New York
       September 20, 2007

                                  ZETLIN & DE CHIARA, LLP

                                  By: _____
                                      Bill Chimos (BC-9381)
                                      *Attorneys for Defendant Polshek*
                                      *Partnership LLP*
                                      801 Second Avenue
                                      New York, New York 10017
                                      (212) 682-6800

TO:    SEE SERVICE LIST

**SERVICE LIST**

Michael B. Golden, Esq.
ROBINSON & COLE LLP
885 Third Avenue, Suite 2800
New York, New York 10022
Tel: 212-451-2900
Fax: 212-451-2909
Email: mgolden@rc.com
*Attorneys for Plaintiff and Counter*
*Defendant Hartford Fire Insurance Company*

Elaine Caryn Gangel, Esq.
GOGICK, BYRNE & O'NEILL, LLP
11 Broadway, Suite 1560
New York, New York 10004
Tel: 212-422-9424
Fax: 212-422-9429
Email: ecg@gogick.com
*Attorneys for Defendant, Cross Claimant*
*and Cross Defendant Cantor Seinuk Group, Inc.*

Michael J. Pearsall, Esq.
THE LAW OFFICES OF EDWARD GARFINKEL
110 William Street
New York, New York 10038
Tel: 212-809-8000
Fax: 212-344-8263
Email: Michael.pearsall@aig.com
*Attorneys for Defendants and Cross Defendants*
*Mayrich Construction Corp. and F.J. Sciame*
*Construction Co., Inc.*

Gilbert L. Lee, Esq.
SEDGWICK, DETERT, MORAN & ARNOLD LLP
125 Broad Street, 39th Floor
New York, New York 10004
Tel: 212-422-0202
Fax: 212-4220925
Email: gilbert.lee@sdma.com
*Attorneys for Defendant, Cross Defendant*
*and Cross Claimant Langan Engineering &*
*Environmental Services, Inc.*