# ROBINSON & COLE LLP

MICHAEL B. GOLDEN
885 Third Avenue
Suite 2800
New York, NY 10022
Main (212) 451-2900
Fax (212) 451-2999
mgolden@rc.com
Direct (212) 451-2911

**MEMO ENDORSED** 1/4/08

[Handwritten endorsement:] If Hartford has no atty 30(b)(6) witness on these subjects, defendants can subpoena witnesses from Lycee Francais. While plaintiff Hartford is not required to produce a non-employee as a 30(b)(6) witness, Hartford's atty should assist in arranging such depositions.

SO ORDERED: January 4, 2008
Hon. Andrew J. Peck
United States Magistrate Judge

*Via Facsimile 212-805-7933*

**BY FAX**

Magistrate Judge Andrew J. Peck
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

[RECEIVED JAN - 4 2008 CHAMBERS OF ANDREW J PECK]

Re:  Hartford Fire Insurance Company a/s/o Lycee Francais De New York
     v. Mayrich Construction Corp., et al.
     United States District Court, Southern District of New York
     Case No.: 07 Civ. 4084 (SHS)(AJP)

Dear Judge Peck:

We are writing with respect to Your Honor's order requiring plaintiff to produce "another one or more 30(b)(6) deposition witnesses in response to Langan's notice, as discussed in Langan's December 28, 2007 letter to the Court." A copy of Your Honor's order is enclosed.

We respectfully request that the Court reconsider this aspect of its order since Hartford has no employees, agents or other persons associated with Hartford (with the exception of its expert witness, Joseph Mills, described below) who have any knowledge of the subject areas identified by Langan.

(i)

Langan's 30(b)(6) notice (copy enclosed) seeks information regarding the contractual arrangements entered into between Lycee and the various professions and trades in connection with the construction of its new school in Manhattan, and any repair work to the present.

Hartford was not privy to any of these contracts, their negotiation, the construction or any repairs.

*Law Offices*
BOSTON
HARTFORD
NEW LONDON
STAMFORD
WHITE PLAINS
NEW YORK CITY
SARASOTA
www.rc.com

NEWY1-633857-1

Magistrate Judge Andrew J. Peck
January 4, 2008
Page 2

The contracts produced in discovery date from 2000 to 2003. Hartford's role only commenced in March 2005 when the flood occurred. To the extent Hartford has any knowledge of subsequent repairs, Jon Rose, the general adjuster would be the sole knowledgeable witness, and he was deposed about one month ago.

(ii)

Hartford is proceeding as subrogee of Lycee Francais in connection with water damage which occurred in Lycee's new building. The water damage was due to the failure of an underground drainage system because of improper installation of drainage pipes, insufficient slope of the pipes, failure to install cleanouts, failure of a waterproof membrane and perhaps additional causes.

Hartford, as the property insurer of Lycee, through its general adjuster (Jon Rose) adjusted the loss; that is to say Mr. Rose visited the site, examined the damage, made estimates of the cost of repairs and replacement and ultimately settled the claim. Mr. Rose did not conduct any investigation regarding the cause of the flood, but instead hired, in anticipation of litigation, Joseph Mills who will be our expert witness.

This is a relatively typical subrogation case in the sense that documents, testimony and general knowledge regarding liability is exclusively under the control and within the knowledge of the defendants. The defendants include the architect, general contractor, subcontractors and others who are responsible for design, installation and supervision of such installation of the underground drainage system.[1]

We do not interpret Your Honor's order as requiring that we prematurely produce Mr. Mills to provide expert testimony,[2] but we have no objection to doing so provided that he will not be required to testify a second time and provided further that his expenses are paid in accordance with the federal rules.

---

[1] We explained the foregoing, in our email exchange with Langan's counsel, referred to in counsel's December 28 letter to the Court and enclosed herewith.

[2] Mr. Mills has reached preliminary conclusions regarding the cause of the flood and the defendants' respective responsibilities, which conclusions will doubtless be refined as discovery proceeds.

Magistrate Judge Andrew J. Peck
January 4, 2008
Page 3

(iii)

With respect to the production of 30(b)(6) witnesses, that rule stipulates that no party need produce a witness to testify to matters unknown and unavailable to a corporation:



01/04/2008 14:41 FAX 2124512999     ☒002

**ROBINSON & COLE** LLP

MICHAEL B. GOLDEN

885 Third Avenue
Suite 2800
New York, NY 10022
Main (212) 451-2900
Fax (212) 451-2999
mgolden@rc.com
Direct (212) 451-2911

**MEMO ENDORSED** 1/4/08

[handwritten endorsement]

SO ORDERED: January 4, 2008

Hon. Andrew Jay Peck
United States Magistrate Judge

*Via Facsimile 212-805-7933*

Magistrate Judge Andrew J. Peck
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**BY FAX**

RECEIVED JAN -4 2008 CHAMBERS OF ANDREW J PECK

Re: Hartford Fire Insurance Company a/s/o Lycee Francais De New York
    v. Mayrich Construction Corp., et al.
    United States District Court, Southern District of New York
    Case No.: 07 Civ. 4084 (SHS)(AJP)

Dear Judge Peck:

We are writing with respect to Your Honor's order requiring plaintiff to produce "another one or more 30(b)(6) deposition witnesses in response to Langan's notice, as discussed in Langan's December 28, 2007 letter to the Court." A copy of Your Honor's order is enclosed.

We respectfully request that the Court reconsider this aspect of its order since Hartford has no employees, agents or other persons associated with Hartford (with the exception of its expert witness, Joseph Mills, described below) who have any




UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

HARTFORD FIRE INSURANCE COMPANY
a/s/o Lycee Francais de New York,

                Plaintiff,

-against-

MAYRICH CONSTRUCTION CORP., LANGAN
ENGINEERING & ENVIRONMENTAL SERVICES, INC.,
F.J. SCIAME CONSTRUCTION CO., INC., POLSHEK
PARTNERSHIP, LLP AND CANTOR SEINUK GROUP,
INC.,

                Defendants.

------------------------------------------------------X

CIVIL ACTION NO.
CV 07-4084 (SHS) (AJP)

### NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION OF LYCEE FRANCAIS DE NEW YORK

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the deposition upon oral examination of Plaintiff Hartford Fire Insurance Co.'s subrogor, Lycee Francais de New York ("LFNY"), shall be taken by Defendant Langan Engineering & Environmental Services, Inc. ("Langan"), before a Notary Public or other officer authorized by the laws of the State of New York to administer oaths, at the offices of Sedgwick, Detert, Moran & Arnold LLP, 125 Broad Street, 39th Floor, New York, New York 10004-2400, on November 12, 2007, at 10:00 a.m. and continuing thereafter from until completion.

**NOTICE IS FURTHER GIVEN** that, pursuant to FRCP 30(b)(6) LFNY is required to designate and produce at the deposition those directors, managing agents, employees, or other persons who most qualified to testify on LFNY's behalf as to the subjects of examination specified

below. To the extent that different individuals are the most qualified to testify as to the subject matters listed below, LFNY is required to designate and produce for deposition examination each such individual.

Each deponent is also requested to bring to the deposition, pursuant to Fed. R. Civ. P. 30(b)(5), the documents requested in Defendant Langan's Request for the Production of Documents.

**NOTICE IS FURTHER GIVEN** that Defendant Langan reserves the right to videotape the examination.

I. **SUBJECTS OF EXAMINATION**

1. The basis for each of the factual allegations made in the Complaint.

2. Contracts entered into between LFNY and Albanese Development Corporation ("Albanese") from 1999 to the present.

3. Contracts entered into between LFNY and Mayrich Construction Corp. ("Mayrich") from 1999 to the present.

4. Contracts entered into between LFNY and F.J. Sciame Construction Co., Inc. ("Sciame") from 1999 to the present.

5. Contracts entered into between LFNY and Polshek Partnership, LLP ("Polshek") from 1999 to the present.

6. Contracts entered into between LFNY and Cantor Seinuk Group Inc. ("Cantor") from 1999 to the present.

7. Contracts entered into between LFNY and Langan from 1999 to the present.

8. Any construction, renovation, repair, remediation, and/or rehabilitation work performed at 503-507 East 75th Street and 502-512 East 76th Street (the "Property"), and/or any

2

NY/510682v1

reports, drawings, architectural plans, engineering plans, estimates, work orders, and/or invoices relating to the Property from 1999 to the present.

9. Any contracts entered into between LFNY and any contractor, subcontractor, engineer, and/or architect relating to the Property from 1999 to the present.

10. The Special Multi-flex Policy No. 01 UUN GF5722 K1 issued by Hartford to LFNY for the period July 1, 2004, through July 1, 2005.

11. Documents reviewed and produced by LFNY in connection with Defendant Langan's Request for Production of Documents.

Dated: New York, New York
October 4, 2007

                                                 SEDGWICK, DETERT, MORAN & ARNOLD LLP

                                By: _____
                                      Gilbert Lee (GL-4014)

                                      125 Broad Street, 39th Floor
                                      New York, New York 10004-2400
                                      Telephone: (212) 422-0202
                                      Facsimile: (212) 422-0925
                                      Attorneys for Defendant
                                      LANGAN ENGINEERING & ENVIRONMENTAL SERVICES, INC.

To:

    Lycee Francais de New York
    505 East 75th Street
    New York, New York 10021

NY/510682v1

Michael B. Golden, Esq.
Robinson & Cole LLP
Attorneys for Plaintiff Hartford Fire Insurance Company
a/s/o Lycee Francais de New York
885 Third Avenue, 28th Floor
New York, New York 10022
(212) 451-2900

Michael J. Pearsall, Esq.
The Law Offices of Edward Garfinkel
Attorneys for Defendants Mayrich Construction Corp. and
F.J. Sciame Construction Co., Inc.
110 William Street
New York, New York 10038
(212) 809-9000

Bill P. Chimos, Esq.
Zetlin & Dechiara LLP
Attorneys for Defendant Polshek Partnership, LLP
801 2nd Avenue
New York, New York 10017
(212) 682-6800

Elaine Caryn Gangel, Esq.
Gogick, Byrne & O'Neil, LLP
Attorneys for Defendant Cantor Seinuk Group, Inc.
11 Broadway
Suite 1560
New York, New York 10004
(212) 422-9424

NY/510682v1




UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HARTFORD FIRE INSURANCE COMPANY
a/s/o Lycee Francais de New York,

          CIVIL ACTION NO.
          CV 07-4084 (SHS) (AJP)

        Plaintiff,

-against-

MAYRICH CONSTRUCTION CORP., LANGAN
ENGINEERING & ENVIRONMENTAL SERVICES, INC.,
F.J. SCIAME CONSTRUCTION CO., INC., POLSHEK
PARTNERSHIP, LLP AND CANTOR SEINUK GROUP,
INC.,

        Defendants.
------------------------------------------------------------X

## NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION
## OF PLAINTIFF HARTFORD FIRE INSURANCE COMPANY

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the deposition upon oral examination of Plaintiff Hartford Fire Insurance Co. ("Hartford") a/s/o Lycee Francais de New York, shall be taken by Defendant Langan Engineering & Environmental Services, Inc. ("Langan"), before a Notary Public or other officer authorized by the laws of the State of New York to administer oaths, at the offices of Sedgwick, Detert, Moran & Arnold LLP, 125 Broad Street, 39th Floor, New York, New York 10004-2400, on November 13, 2007, at 10:00 a.m. and continuing thereafter from until completion.

**NOTICE IS FURTHER GIVEN** that, pursuant to FRCP 30(b)(6) Plaintiff is required to designate and produce at the deposition those directors, managing agents, employees, or other persons who most qualified to testify on Plaintiff's behalf as to the subjects of examination specified

ROBINSON & COLE LLP
REC'D 5 OCT '07 AM 9:25

below. To the extent that different individuals are the most qualified to testify as to the subject matters listed below, Plaintiff is required to designate and produce for deposition examination each such individual.

Each deponent is also requested to bring to the deposition, pursuant to Fed. R. Civ. P. 30(b)(5), the documents requested in Defendant Langan's Request for the Production of Documents.

**NOTICE IS FURTHER GIVEN** that Defendant Langan reserves the right to videotape the examination.

## I. SUBJECTS OF EXAMINATION

1. The basis for each of the factual allegations made in the Complaint.

2. Contracts entered into between Lycee Francais de New York ("LFNY") and Albanese Development Corporation ("Albanese") from 1999 to the present.

3. Contracts entered into between LFNY and Mayrich Construction Corp. ("Mayrich") from 1999 to the present.

4. Contracts entered into between LFNY and F.J. Sciame Construction Co., Inc. ("Sciame") from 1999 to the present.

5. Contracts entered into between LFNY and Polshek Partnership, LLP ("Polshek") from 1999 to the present.

6. Contracts entered into between LFNY and Cantor Seinuk Group Inc. ("Cantor") from 1999 to the present.

7. Contracts entered into between LFNY and Langan from 1999 to the present.

8. Any construction, renovation, repair, remediation, and/or rehabilitation work performed at 503-507 East 75th Street and 502-512 East 76th Street (the "Property"), and/or any

2

NY/510659v1

reports, drawings, architectural plans, engineering plans, estimates, work orders, and/or invoices relating to the Property from 1999 to the present.

9. Any contracts entered into between LFNY and any contractor, subcontractor, engineer, and/or architect relating to the Property from 1999 to the present.

10. The Special Multi-flex Policy No. 01 UUN GF5722 K1 issued by Hartford to LFNY for the period July 1, 2004, through July 1, 2005.

11. Documents reviewed and produced by Plaintiff in connection with Defendant Langan's Request for Production of Documents.

Dated: New York, New York
October 4, 2007

                      SEDGWICK, DETERT, MORAN & ARNOLD LLP

            By: _____
                     Gilbert Lee (GL-4014)

                      125 Broad Street, 39th Floor
                      New York, New York 10004-2400
                      Telephone: (212) 422-0202
                      Facsimile: (212) 422-0925
                      Attorneys for Defendant
                      LANGAN ENGINEERING & ENVIRONMENTAL SERVICES, INC.

To:

    Michael B. Golden, Esq.
    Robinson & Cole LLP
    Attorneys for Plaintiff Hartford Fire Insurance Company
    a/s/o Lycee Francais de New York
    885 Third Avenue, 28th Floor
    New York, New York 10022
    (212) 451-2900

3

NY/510659v1

Michael J. Pearsall, Esq.
The Law Offices of Edward Garfinkel
Attorneys for Defendants Mayrich Construction Corp. and
F.J. Sciame Construction Co., Inc.
110 William Street
New York, New York 10038
(212) 809-9000

Bill P. Chimos, Esq.
Zetlin & Dechiara LLP
Attorneys for Defendant Polshek Partnership, LLP
801 2nd Avenue
New York, New York 10017
(212) 682-6800

Elaine Caryn Gangel, Esq.
Gogick, Byrne & O'Neil, LLP
Attorneys for Defendant Cantor Seinuk Group, Inc.
11 Broadway
Suite 1560
New York, New York 10004
(212) 422-9424

NY/510659v1

## Golden, Michael B.

**From:** Lahr, Gregory [gregory.lahr@sdma.com]
**Sent:** Wednesday, December 26, 2007 5:19 PM
**To:** Golden, Michael B.
**Cc:** Klein, Lawrence; Lee, Gilbert; Ross, David E.; Savage, Melissa F.
**Subject:** RE: Lycee v. Mayrich, et. al Hartford a/s/o

Michael:

Thank you for the e-mail. Perhaps we should discuss after you have had a chance to speak with Melissa and David, and review the transcript. In the meantime, we will obtain available dates from Langan, but will refuse to produce a witness until Hartford has satisfied its obligation under Rule 30(b)(6). This obligation requires that Hartford make a conscientious good-faith endeavor to designate a person(s) having knowledge of the matters sought by Langan, and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed as to the relevant subject matters. See Bank of New York v. Meridien BIAO Bank Tanzania Ltd., 171 F.R.D. 135 (S.D.N.Y. 1997). Moreover, Hartford must prepare its witness to respond to Langan's inquiries with information that is reasonably available, whether from documents, past employees, or other sources. Here, Mr. Rose could not even articulate the basis of the claim against Langan, amongst numerous other shortcomings of his testimony. The fact that this is a subrogation case makes it no different than any other case as far as Hartford's obligation under Rule 30(b)(6). Finally, it is not Langan's duty to identify appropriate witnesses to testify; rather it is Hartford's duty to produce the proper witness(es) to fully respond to the Rule 30(b)(6) inquiries.

As for the dismissal of Langan, we can appreciate the reluctance to do so before deposing Langan which is why we mentioned the possibility of having an informal meeting to discuss whatever information you may need to reach the conclusion that Langan is not an appropriate defendant in this action. Please advise if you are willing to have such a meeting. If Langan is dismissed, we should be able to arrange a deposition of Langan as a non-party witness.

We think it prudent at this point to mention that, thus far, we have seen no basis for a claim against Langan. Indeed, Hartford's expert opined that the loss was caused by an accumulation of calcium carbonate in the underground piping system, and that the cause of the calcium carbonate formation is not known. Moreover, he indicated that the build up of the calcium carbonate could not have been foreseen. Hartford has provided nothing in discovery, and its Rule 30(b)(6) witness could not provide any facts, to support a claim against Langan. As such, under the safe harbor provisions of Rule 11, we advise you that, if Hartford continues to keep Langan in this action where it is clear that there is no basis to do so, we will be compelled to seek sanctions for the frivolous conduct. Again, we welcome an informal meeting to discuss Langan's involvement in the underslab drainage system, or lack thereof, in an effort to obtain an expeditious dismissal of Langan and avoid motion practice.

Please contact me when you have sufficient information to discuss Hartford's position.

Thanks,
Greg

-----Original Message-----
**From:** Golden, Michael B. [mailto:mgolden@rc.com]
**Sent:** Wednesday, December 26, 2007 3:59 PM
**To:** Lahr, Gregory
**Cc:** Klein, Lawrence; Lee, Gilbert; Ross, David E.; Savage, Melissa F.
**Subject:** Lycee v. Mayrich, et. al Hartford a/s/o

Greg,

Permit me to briefly reply, coupled with an open invitation to call me to discuss further.

1/2/2008

01/04/2008 14:42 FAX 2124512999          ROBINSON & COLE                               ☒014
            Case 1:07-cv-04084-SHS-AJP    Document 62    Filed 01/04/2008    Page 13 of 15

Message                                                                      Page 2 of 5

As a threshold matter, I was not at Mr. Rose's deposition, and Melissa is out of town, and I am not privy to any detailed discussions that she and you may have had on these issues.

I'm sure that you understand that I would not be properly representing my client if we dismissed Langan even before defendants' first deposition were taken, so we are not at this time in a position to do so.

Regarding your observations on Rule 30(b)(6), it has always been my understanding that the rule requires us to use our best efforts to produce a witness with the requisite facts, and we have done so insofar as Mr. Rose's deposition addresses damages. If you have to date identified any other witnesses employed by or under the control of Hartford who may have relevant facts (aside from expert witnesses whose discovery period begins in February), then please notice their deposition in writing, and we will fit them in.

As a final note, proof of liability in many if not the vast majority of subrogation claims, is based on documents and testimony of entities other than the subrogee, which - called in after the fact - usually has no personal knowledge of the issues. This case is one of them.

Finally, we have not yet been provided with Mr. Rose's transcript so cannot comment on your references to it.

In the meantime, we urge you to provide deposition dates by this Friday AM.

Michael

-----Original Message-----
**From:** Lahr, Gregory [mailto:gregory.lahr@sdma.com]
**Sent:** Wednesday, December 26, 2007 1:28 PM
**To:** Golden, Michael B.
**Cc:** Klein, Lawrence; Lee, Gilbert
**Subject:** FW: Lycee v. Mayrich, et. al/Hartford a/s/o

Michael:

As per my conversation with Melissa last week, we would like to discuss the possibility of a dismissal of Langan at this juncture. If this is a possibility, and if Hartford requires certain information from Langan, we may be agreeable to having an informal meeting with Hartford and LFNY. We also may be agreeable to producing a Langan representative for a non-party deposition.

If you are not in a position to dismiss Langan, then we will need to discuss having Hartford satisfy its obligation under FRCP 30(b)(6) to produce a witness with knowledge of the subjects listed in the deposition notice. As you know, your client produced Mr. Jonathan Rose, a senior property adjuster employed by Hartford, as its designated Rule 30(b)(6) witness. However, it is clear that Mr. Rose did not have the requisite personal knowledge concerning Langan's alleged involvement in the loss sustained by LFNY. By way of example, Mr. Rose could not identify any contract entered into by Langan in support of Hartford's factual allegation that Langan inspected and supervised the construction of the foundation of LFNY's building. See Rose Transcript at 98-100. Additionally, Mr. Rose was unaware as to whether Hartford stands by the conclusion of its expert, National Forensic Consultants, that the detection of "solutions that result in the formation of calcium carbonate is beyond the scope of any geotechnical evaluation," which is contrary to Hartford's allegation. See Rose Transcript at 101-103. Moreover, Mr. Rose did not know if Hartford engaged in any subsequent proceedings involving the LFNY loss after Mr. Rose concluded his adjustment of the loss. See Rose Transcript at 103-104. Therefore, it is our position that Hartford has failed to meet its Rule 30(b)(6) obligation, and we will make the appropriate motion to the Court in the event that Hartford refuses to produce another witness.

Please contact me at your earliest convenience to discuss Hartford's position as to whether it truly requires Langan to be a defendant in this matter.

Thanks,
Greg


1/2/2008

01/04/2008 14:42 FAX 2124512999    ROBINSON & COLE    ☒015
Case 1:07-cv-04084-SHS-AJP   Document 62   Filed 01/04/2008   Page 14 of 15

Message                                                      Page 3 of 5

J. Gregory Lahr
Associate

# SEDGWICK

**DETERT, MORAN & ARNOLD LLP**
125 Broad Street, 39th Floor
New York, New York 10004-2400
Direct: 212.898.4014
Main: 212.422.0202
Fax: 212.422.0925
gregory.lahr@sdma.com
www.sdma.com


-----Original Message-----
**From:** Golden, Michael B. [mailto:mgolden@rc.com]
**Sent:** Wednesday, December 26, 2007 10:30 AM
**To:** Michael.pearsall@aig.com; Lee, Gilbert; CSjoquist@ZDLAW.com; ecg@gogick.com
**Cc:** Savage, Melissa F.
**Subject:** RE: Lycee v. Mayrich, et. al Hartford a/s/o

Dear counsel,

I trust you all enjoyed your holidays.

We haven't received proposed dates from any defendant, and we offer this as a friendly reminder for same.

I am sure that you appreciate that, with the short discovery deadline, we will be constrained to seek relief from the Magistrate if dates are not forthcoming.

Michael Golden

> -----Original Message-----
> **From:** Golden, Michael B.
> **Sent:** Thursday, December 20, 2007 10:10 AM
> **To:** 'Michael.pearsall@aig.com'; 'gilbert.lee@sdma.com'; 'CSjoquist@ZDLAW.com'; 'ecg@gogick.com'
> **Cc:** Corbett, Kathleen; Savage, Melissa F.
> **Subject:** Lycee v. Mayrich, et. al Hartford a/s/o
>
> Dear counsel,
>
> Due to the short discovery deadline, even though we do not want to impose during the holiday season, we must reluctantly insist that you provide, by December 28, dates for your clients' depositions in January, as the fact discovery deadline is 1/31. We agreed that the depositions will proceed in caption order, so please bear that in mind when offering the January dates.
>
> Thank you and happy holidays.
>
> Michael Golden
>
> Michael B. Golden
> Robinson & Cole LLP

1/2/2008

# FAX TRANSMITTAL SHEET



## ANDREW J. PECK
## UNITED STATES MAGISTRATE JUDGE
## UNITED STATES DISTRICT COURT

Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.:        (212) 805-7933
Telephone No.:  (212) 805-0036

**Dated:** January 4, 2008                    **Total Number of Pages:** 15

| TO | FAX NUMBER |
|---|---|
| Michael B. Golden, Esq. | 212-451-2999 |
| Chad E. Sjoquist, Esq. | 212-682-6861 |
| Michael J. Pearsall, Esq. | 212-344-8263 |
| Gilbert L. Lee, Esq. | 212-422-0925 |
| Elaine Caryn Gangel, Esq. | 212-422-9429 |

# TRANSCRIPTION:

**MEMO ENDORSED 1/4/08**

If Hartford has no other 30(b)(6) witness and no knowledge, so be it. Defendants can get the information from Lycee Francais. Whether Hartford's lack of info can be used against it at trial is not presently before the Court. The Court expects Hartford to require Lycee Francais to cooperate with defendants, to the fullest extent of Hartford's contractual ability.

**Copy to:**   Judge Sidney H. Stein